In the Matter of the Arbitration between BORDEN COMPANY, Appellant, and MILK, ICE CREAM DRIVERS AND DAIRY EMPLOYEES LOCAL No. 787, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Respondents.

Third Department, December 20, 1961.

*Murphy, Aldrich, Guy, Broderick & Simon (William E. Noonan* of counsel), for appellant.

*Harry Pozefsky* for respondents.

GIBSON, J. The appeal is from an order which denied petitioner employer's motion to stay arbitration of a dispute allegedly arising under a collective bargaining agreement and granted respondent labor union's cross motion to compel such arbitration.

The agreement provides that " disputes arising under or in connection with this contract " which have not been adjusted shall be submitted to arbitration. Respondents allege that when

the agreement was executed in May, 1959 appellant was employing a route check-in and billing procedure utilizing accounting machines as the bookkeeping system for the routemen in its dairy products business and that the weekly base pay provided for in the contract was predicated upon the number of hours the routemen worked when that system was in use; that in November, 1960 the employer instituted the peg-board system which requires each routeman to keep a route book to record route sales, to prepare and submit bills for dairy products sold to customers on his route, to prepare a monthly trial balance and monthly discount balance, to enter such balances on tally sheets and total them on adding machines, these enumerated operations constituting additional work required by the peg-board system, which has added approximately 50 hours each month to the working time of each routeman. Respondents assert that the new system, by effecting substantial changes in the terms, hours and conditions of the employment, has given rise to an arbitrable dispute "under or in connection with" the contract, the issue, as stated by respondents, being whether or not the routeman should receive additional pay for the added hours of work.

Appellant employer points to the provision in the union contract that, "The duties of all employees shall be determined by the Employer" and contends that the introduction of the new system infringed upon no right of any employee under the contract but that arbitration of respondents' complaints would, on the other hand, violate the employer's right to manage its business. It seems obvious, however, that the right to determine "the duties" of the employees does not necessarily imply the right to increase the number of hours they shall work for the fixed wage provided in the contract. The controversial issue is not as to the employer's legal "right" under the contract to adopt such accounting procedures as it shall determine or to make like or other decisions as to the internal management of its business generally. Rather, the dispute relates to the impact of the employer's presumably proper and authorized action upon hours and wages — the basic issues of industrial controversy. The arbitration provision would have little or no meaning or effect if every policy decision should, by the mere attachment of that label, be exempt from inquiry, however directly it should impair the employees' economic rights and benefits contracted for. The broad scope of the provision for arbitration of disputes "in connection with" the contract was recognized and effectuated in *Matter of Lipman (Haeuser Shellac Co.)* (289 N. Y. 76, 80). An assertion by an employer

of a right to assign to every employee in a particular classification 50 additional hours of work per month, with no increase in pay, would have to be recognized as giving rise to an arbitrable dispute within the meaning of the contract. Respondents have shown prima facie a controversy thus grounded and although their contentions may fail of proof, the merits are not before us but are for the arbitrator. (*Matter of Otis Elevator Co. [Carney]*, 6 N Y 2d 358, 363; *Matter of Potoker [Brooklyn Eagle]*, 2 N Y 2d 553, 559, cert. denied 355 U. S. 883; *Matter of Fownes Bros. & Co. [Glove Cutters]*, 14 A D 2d 235, 237.)

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.